IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. _____ |
|---|---|
| Plaintiff, | **COUNT ONE:** *(Conspiracy to Commit Wire Fraud)* 18 U.S.C. § 1349 NMT 20 Years' Imprisonment NMT $250,000 Fine NMT 3 Years' Supervised Release Class C Felony |
| v. ALEXANDER PAVLOV (1), a/k/a Aleksandr Pavlov, Nikolay Pikalov, Ruslan Suleymanov, Alexander Ershov, Maxim Gaydar [DOB: 9/13/1983] | |
| DMITRII SHENKE (2), [DOB: 06/07/1986] | **COUNTS TWO – TWENTY:** *(Wire Fraud)* 18 U.S.C. §§ 1343 NMT: 20 Years' Imprisonment NMT: $250,000 Fine NMT: 3 Years' Supervised Release Class C Felony |
| ANTON VIKHAREV (3), [DOB: 12/31/1991] | |
| and STANUSLAV LUKYANTSEV (4), [DOB: 06/04/1987] Defendants. | **COUNTS TWENTY-ONE – TWENTY-FIVE:** *(Money Laundering)* 18 U.S.C. §§ 1957 and 2 NMT: 10 Years' Imprisonment NMT: $250,000 Fine NMT: 3 Years' Supervised Release Class C Felony $100 Mandatory Special Assessment on Each Count **Forfeiture Allegations** |

| DEFENDANT | COUNT CHARGED |
|---|---|
| Alexander Pavlov (1) | 1, 21-23 |
| Dmitrii Shenke (2) | 1, 2-8 |
| Anton Vikharev (3) | 1, 9-20, 24-25 |
| Stanuslav Lukyantsev (4) | 1, 21-25 |

# I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## The Scheme

1. Defendants and others engaged in a scheme to defraud the United States by filing false and fraudulent Federal Income Tax Returns using stolen identities. The tax returns claimed fraudulent refunds, which were directed to be deposited into bank accounts defendants controlled. The conspirators wired proceeds from the fraudulent refunds to bank accounts in Russia.

2. Defendants and their co-conspirators opened bank accounts in the United States in their names and in false names. Defendants opened accounts at Bank of America, CITI Bank, PNC Bank, TD Bank, Wells Fargo, and other banks, all of which are financial institutions as that term is defined in Title 18, United States Code, Section 20.

3. Using stolen identifications, defendants or their co-conspirators used the names and social security numbers of other people to file false and fraudulent United States Income Tax returns claiming refunds. False and fraudulent Forms W-2 were submitted with the false and fraudulent Income Tax returns. The returns listed the routing number and account number of one of the conspirators' bank accounts for direct deposit of the refund.

4. Once the Internal Revenue Service determines an income tax refund is to be made, it certifies a payment file and transmits the payment file to the U.S. Treasury data processing site in Kansas City, Missouri. A computer operator at the Kansas City Regional Financial Center, the U.S. Treasury disbursing office, in Kansas City, Missouri, processes the payment file and transmits it to a Federal Reserve Bank. The Federal Reserve Bank then issues the payment through the Automated Clearing House using the routing and account number for the designated receiving financial institution. The federal income tax refunds constituting the wire fraud counts in this indictment include wire transmissions of payments through the Kansas City Financial Center in the Western District of Missouri.

5.  After fraudulent refunds were deposited into their accounts, defendants or their co-conspirators went to ATMs and withdrew the proceeds of their fraudulent scheme in cash. They deposited the cash into other bank accounts and wire transferred many of the proceeds to Alexander Pavlov, Dmitrii Shenke, and Anton Vikharev in Russia.

6.  In this scheme, defendants and their co-conspirators filed 7,167 false and fraudulent tax returns for tax years 2011 – 2016. The returns claimed $11,178,361 in fraudulent refunds. The Internal Revenue Service paid at least $2,020,569 in fraudulent tax refunds. Conspirators wire transferred at least $1,411,082 to bank accounts in Russia.

### Manner and Means

7.  In 2009-2010, Alexander Pavlov and a female co-conspirator (FCC) engaged in a similar scheme to defraud the United States through the filing of false and fraudulent tax returns using stolen identities claiming refunds and withdrawing the proceeds in cash. Pavlov entered the United States from Russia on May 29, 2004. Through his income tax scheme, Pavlov or a co-conspirator filed at least 11 false and fraudulent United States Income Tax returns and at least 30 state income tax returns. The returns directed that the refunds be paid into accounts controlled by Pavlov and his FCC. Pavlov defrauded the United States and various state treasuries of at least $43,110. In January 2010, Pavlov and FCC were arrested in Edison, New Jersey, in possession of fraudulent identifications which they used to further their scheme. After Pavlov pled guilty and was sentenced in Middlesex County, New Jersey, to Manufacture of Simulated Governmental Document, he was deported back to Russia on October 28, 2010.

8.  On or about August 14, 2014, Dmitrii Shenke entered the United States from Russia on a B1/B2 visa. On August 18, 2014, Shenke opened account # 7005 at TD Bank and

3

immediately made a series of cash deposits totaling over $50,000. On September 2, 2014, Shenke wired $50,000 to Pavlov in Russia

9. On June 12, 2012, Anton Vikharev entered the United States from Russia on a J1 exchange student visa which expired on September 1, 2012. ATM photos in 2015 and 2016 show Vikharev, sometimes with Lukyantsev, making cash withdrawals from accounts funded with fraudulent tax refunds proceeds.

10. Stanuslav Lukyantsev immigrated from Russia and naturalized as a United States citizen in 2008. Lukyantsev opened multiple bank accounts in his own name which received fraudulent federal income tax refunds. Lukyantsev withdrew these fraudulent proceeds, deposited the cash proceeds into other bank accounts, and wire transferred fraudulent proceeds to co-conspirators in Russia.

## **COUNT ONE**
(The Conspiracy and Its Object)

11. Paragraphs 1 through 10 as set forth above, are re-alleged and expressly incorporated as if fully set forth herein.

12. Beginning on or before January 1, 2015, the exact date being unknown to the Grand Jury, and continuing through March 1, 2018, in the Western District of Missouri and elsewhere, defendants Alexander Pavlov, Dmitrii Shenke, Anton Vikharev, Stanuslav Lukyantsev and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other to commit offenses against the United States, that is having devised a scheme for obtaining money by means of materially false and fraudulent pretenses; *i.e.*, the fraudulent Federal Income Tax refund scheme described above, transmitted or caused to be transmitted by means of wire communications in interstate commerce writings, signs, and signals

4

for the purpose of executing such scheme and artifice, in violation of Title 18, United State Code, Section 1343.

## Overt Acts

In furtherance of the conspiracy and to accomplish the object of the conspiracy, one or more members of the conspiracy committed and caused to be committed the following overt acts:

13. Between at least September 1, 2014, to February 15, 2018, Alexander Pavlov maintained a bank account in his name at Alpha Bank, account number ending 7839, in Russia. He also maintained bank accounts in his name at VTB 24 Bank, account number ending 7300 and Raiffensen Bank, account number ending 9053. He communicated this bank account information to co-conspirators so that they could wire fraudulent proceeds to him.

14. Between at least November 1, 2014, to June 5, 2015, Dmitrii Shenke maintained a bank account at CITI Bank, account number ending 9180, in a false name with the initials O.E.

15. Between at least March 13, 2015, to July 20, 2016, Dmitrii Shenke maintained a bank account at Wells Fargo Bank, account number ending 7243, in a false name with the initials D.P.

16. On or about March 29, 2016, Dmitrii Shenke maintained a bank account at Bank of America, account number ending 8693, in a false name with the initials V.E.

17. On or about March 29, 2016, Dmitrii Shenke maintained a bank account at CITI Bank, account number ending 3337, in a false name with the initials V.E.

18. On or about March 29, 2016, Dmitrii Shenke maintained a bank account at Wells Fargo Bank, account number ending 2943, in a false name with the initials V.E.

19. On or about March 29, 2016, Dmitrii Shenke maintained a bank account at TD Bank, account number ending 7169, in a false name with the initials V.E.

20. Between at least July 24, 2016, to September 9, 2016, Anton Vikharev maintained a bank account at TD Bank, account number ending 7857, in his own name.

21. Between at least September 8, 2016, to September 30, 2016, Stanuslav Lukyantsev maintained a bank account at PNC Bank, account number ending 7266, in his own name.

22. Between at least November 16, 2016, to August 27, 2017, Stanuslav Lukyantsev maintained a bank account at Bank of America, account number ending 8895, in his own name.

23. Between at least February 2, 2017, to July 18, 2017, Stanuslav Lukyantsev maintained a bank account at TD Bank, account number ending 5550, in his own name.

24. The Grand Jury incorporates by reference as additional overt acts the wire fraud set forth in Counts Two - Twenty, in furtherance of and as a result of the conspiracy and scheme to defraud, described above.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO - TWENTY
(Wire Fraud)

25. Paragraphs 1 through 10 as set forth above, are re-alleged and expressly incorporated as if fully set forth herein.

26. On or about the dates listed below, said dates being approximate, in the Western District of Missouri and elsewhere, in furtherance of the conspiracy and scheme to defraud set forth in Count One, and with the intent to defraud and for the purpose of executing the aforesaid scheme, the defendants listed below knowingly caused to be transmitted by means of wire communication in interstate commerce, between the Western District of Missouri and locations outside the State of Missouri, writings, signs, and signals, as described below, to cause the United States Treasury to make payments into designated bank accounts with the ending account numbers

6

Case 4:21-cr-00032-RK   Document 1   Filed 02/23/21   Page 6 of 11

shown below, which Federal Income Tax refund payments were made as a result of the false and fraudulent Federal Income Tax returns filed by co-conspirators in execution of such scheme:

| Count | Defendant | Date of Wire | Taxpayer Initials | Wire Amount | Bank Account Deposit | Withdrawal |
|---|---|---|---|---|---|---|
| 2 | Dmitrii Shenke | 03/02/2016 | RM | $1,277 | TD Bank Acct. # 4664 | $520 on 03/07/2016 TD Bank ATM |
| 3 | Dmitrii Shenke | 03/02/2016 | IM | $1,353 | TD Bank Acct. # 7915 | $660 on 03/03/2016 TD Bank ATM |
| 4 | Dmitrii Shenke | 03/02/2016 | RP | $2,319 | TD Bank Acct. # 4218 | $660 on 03/07/2016 TD Bank ATM |
| 5 | Dmitrii Shenke | 03/02/2016 | NK | $1,289 | TD Bank Acct. # 7419 | $1,320 03/03-03/17/2016 TD Bank ATM |
| 6 | Dmitrii Shenke | 03/02/2016 | AE | $1,503 | TD Bank Acct. # 4732 | $660 on 03/04/2016 TD Bank ATM |
| 7 | Dmitrii Shenke | 03/02/2016 | MS | $1,415 | TD Bank Acct. # 9393 | $1,320 03/03-03/07/2016 TD Bank ATM |
| 8 | Dmitrii Shenke | 03/02/2016 | FP | $1,362 | TD Bank Acct. # 8753 | $1,320 03/03-03/07/2016 TD Bank ATM |
| 9 | Anton Vikharev | 01/31/2017 | BS | $2,739 | PNC Bank Acct. # 9478 | $480 on 02/2/2017 PNC Bank ATM |
| 10 | Anton Vikharev | 02/01/2017 | EC | $3,811 | TD Bank Acct. # 5441 | $400 on 2/17/2017 TD Bank ATM |
| 11 | Anton Vikharev | 02/01/2017 | LS | $3,253 | TD Bank Acct. # 3421 | $1,080 02/02-02/15/2017 TD Bank ATM |
| 12 | Anton Vikharev | 02/01/2017 | NY | $3,214 | TD Bank Acct. # 3901 | $480 on 02/15/2017 TD Bank ATM |
| 13 | Anton Vikharev | 02/01/2017 | JZ | $3,034 | TD Bank Acct. # 1418 | $460 on 02/13/2017 TD Bank ATM |
| 14 | Anton Vikharev | 02/01/2017 | MK | $3,681 | TD Bank Acct. # 0247 | $480 on 02/09/2017 TD Bank ATM |
| 15 | Anton Vikharev | 02/01/2017 | CS | $1,786 | TD Bank Acct. # 0717 | $240 on 02/10/2017 TD Bank ATM |
| 16 | Anton Vikharev | 02/08/2017 | KK | $1,205 | PNC Bank Acct. # 9637 | $1,500 02/17-02/25/2017 PNC Bank ATM |
| 17 | Anton Vikharev | 02/15/2017 | TK | $1,207 | PNC Bank Acct. # 8546 | $1,000 02/15-02/17/2017 PNC Bank ATM |

7

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 | Anton Vikharev | 02/23/2017 | PF | $1,402 | Bank of America Acct. # 0311 | $500 on 02/25/2017 Bank of America ATM |
| 19 | Anton Vikharev | 02/23/2017 | IS | $876 | PNC Bank Acct. # 4323 | $800 02/23-02/25/2017 PNC Bank ATM |
| 20 | Anton Vikharev | 03/15/2017 | BH | $2,832 | TD Bank Acct. # 8694 | $480 on 05/06/2017 TD Bank ATM |

## COUNTS TWENTY-ONE through FORTY
(Money Laundering)

27. Paragraphs 1 through 10 as set forth above, are re-alleged and expressly incorporated as if fully set forth herein.

28. On or about the below listed dates, in the United States and elsewhere, defendants Alexander Pavlov, Anton Vikharev, and Stanuslav Lukyantsev, as specified below, aiding and abetting each other, did knowingly engage in, attempted to engage in, and caused to be engaged in, a monetary transaction, that is, the wire transfer from financial institutions in the United States to banks in Russia, in or affecting interstate and foreign commerce, and said monetary transactions involved criminally derived property of a value greater than $10,000, with the funds involved in said monetary transaction having been derived from a specified unlawful activity, that is, the wire fraud scheme described above, and defendants knew said monetary transactions involved the proceeds of a criminal offense.

| Count | Defendants | Date of Transaction | United States Bank | Account Name, # | Wire Amount | Receiving Bank, Country, Account Name, Number |
|---|---|---|---|---|---|---|
| 21 | Pavlov, Lukyantsev | 09/09/2016 | PNC Bank | Stanuslav Lukyantsev, # 7266 | $52,500 | Alpha Bank, Russia Alexander Pavlov #7839 |
| 22 | Pavlov, Lukyantsev | 09/21/2016 | PNC Bank | Stanuslav Lukyantsev, # 7266 | $51,000 | Alpha Bank, Russia Alexander Pavlov #7839 |

| Count | Defendants | Date of Transaction | United States Bank | Account Name, # | Wire Amount | Receiving Bank, Country, Account Name, Number |
|---|---|---|---|---|---|---|
| 23 | Pavlov, Lukyantsev | 11/17/2016 | Bank of America | Stanuslav Lukyantsev, # 8895 | $60,000 | Alpha Bank, Russia Alexander Pavlov #7839 |
| 24 | Vikharev, Lukyantsev | 07/17/2017 | TD Bank | Stanuslav Lukyantsev, #5550 | $29,420 | Sber Bank, Russia Anton Vikharev (beginning) #4230 |
| 25 | Vikharev, Lukyantsev | 08/21/2017 | Bank of America | Stanulslav Lukyantsev, #8895 | $24,200 | Sber Bank, Russia Anton Vikharev (beginning) #4081 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION I
### (Conspiracy, Wire Fraud)

29. The allegations contained in Counts 1 through 20 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

30. As a result of the defendants' conduct as alleged in Counts 1 through 20 of this Indictment, in violation of Title 18, United States Code, Sections 1349 and 1343, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which represents or is traceable to the gross proceeds each defendant obtained, directly or indirectly, as a result of such violations, including, but not limited to:

31. An order of forfeiture of in an amount to be determined by the court at sentencing which represents the gross proceeds each defendant obtained, directly and indirectly, as a result of the violation.

32. If any of the property described above as being subject to forfeiture, as a result of any act of omission of the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION II
### (Money Laundering)

33. The allegations contained in Count 21 through 25 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

34. As a result of the defendants' conduct as alleged in Counts 21 through 25 of this Indictment, in violation of Title 18, United States Code, Section 1957, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any property, real or personal, involved in the money laundering offenses or property traceable to such property.

35. If any of the property described above as being subject to forfeiture, as a result of any act of omission of the defendant.

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

*/s/ Tressie Borders*
FOREPERSON OF THE GRAND JURY

*/s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney

*/s/ Mary Kate Butterfield*
Mary Kate Butterfield
Assistant United States Attorney

Dated: 2/23/2021